UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EL-AMIN BASHIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 19-10622-DHH |
| | ) | |
| WARDEN STEPHEN SPAULDING, et al., | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**February 2, 2024**

Hennessy, M.J.

On January 2, 2020, Plaintiff El-Amin Bashir filed a second amended complaint. (Docket #19). In the Court's order of January 6, 2020, Plaintiff was notified that, in addition to serving each Defendant personally, he must also serve copies of the complaint, all the summonses, the consent package, and the January 6, 2020 order on the United States Attorney for the District of Massachusetts and the United States Attorney General pursuant to Fed. R. Civ. P. 4(i). (Docket #20 at ¶ 2).

On July 21, 2022, the undersigned directed summons be reissued as to each Defendant and the summons were mailed to Plaintiff that day. (Dockets #56, 58). On June 14, 2023, the United States Marshals Service executed service on Defendants Beauper (correctional officer), Lt. Hoaxa, Guerriero (correctional officer), Counselor Patronick, A. Amico (disciplinary hearing officer), Ageoni (correctional officer), Bouldgard (x-ray technician), and Lisa Arpano (case manager). (Dockets #59-66). That same day, the United States Marshals attempted unsuccessfully to execute service on Defendants J Grondolsky (warden), Stephen Spaulding (warden), SIS Lt. Deeley, Lt.

Ortiz, Counselor O'Connor, Lt. Lavarado, Day (U.D.C. chairperson and case manager), Elias (unit manager), and Lt. Cole. (Dockets #67-75). Service on these Defendants was returned unexecuted as they no longer worked at the Bureau of Prisons. (Id.). There is no indication that Plaintiff has attempted to serve Defendants White (assistant warden), Fannelli (correctional officer), Antonio Fausto (medical mid-level provider), Surukos (ITS kitchen officer), Lt. Muse, Santos (ITS kitchen officer), Morris (educational supervisor), Kidder (correctional officer), Day (educational assistant supervisor), or Bartlett (supervisor RN companion program coordinator). Nor is there any indication that Plaintiff has served the United States Attorney for the District of Massachusetts or the United States Attorney General.

On September 11, 2023, the court entered an order requiring Plaintiff to complete service or show good cause why service could not be effectuated by October 11, 2023 and warned that failure to do so might result in dismissal of his case. (Docket #77). Plaintiff penned a response dated September 21, 2023, in which he stated that he seeks the removal of the following defendants from his case: White, Lt. Muse, Surukos, Santos, Day, and Bartlett. (Docket #79).

On October 23, 2023, the court entered an order requiring Plaintiff to file a stipulation of dismissal as to defendants White, Lt. Muse, Surukos, Santos, Day, and Bartlett by December 22, 2023 or to complete service thereon by that date. (Docket #80). With respect to the remaining defendants, Plaintiff was ordered to complete service or show good cause why service cannot be effectuated by December 22, 2023. (Id.). The court cautioned Plaintiff that, were he not able to complete service, he must explain the steps that he had taken to serve each individual defendant as well as the United States Attorney for the District of Massachusetts and the United States Attorney General. (Id.). Plaintiff was warned that the undersigned expected Plaintiff to take proactive steps from that day forward to effectuate service and failure to do so might result in

dismissal of the case. (Id.). In its order on December 15, 2023, denying without prejudice Plaintiff's motion to appoint counsel, the court cautioned Plaintiff that the service deadlines in its October 23, 2023 order remained in effect, warning Plaintiff again that failure to comply with that order might result in dismissal of his case. (Docket #89). Plaintiff has yet to comply with the order.

"A district court's inherent powers to sanction parties for litigation abuses include the power to act sua sponte to dismiss a suit for failure to prosecute." Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R., 108 F. App'x 638, 640 (1st Cir. 2004). Moreover, Federal Rule of Civil Procedure 41(b) provides in relevant part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also sua sponte dismiss a complaint under Rule 41(b) for failure to comply with a court order." Heather S. v. Berryhill, 18-cv-00178-JAW, 2018 WL 4781169, at *1 (D. Me. Oct. 3, 2018) (Rich III, Mag. J.) (quoting Unitronics (1989) (R"G) Ltd. v. Gharb, 85 F. Supp. 3d 118, 126 (D.D.C. 2015)).

Plaintiff's failure to serve the defendants or to explain why service cannot be completed warrants dismissal of the instant action. This court has given Plaintiff multiple opportunities to serve the defendants in this case or to explain why service cannot be completed; however, Plaintiff has failed to do so although warned repeatedly that such failure might result in dismissal.

A separate issue remains as to whether dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." See Fed. R. Civ. P. 41(b). It is the law in this circuit, however, that "dismissal of an action with prejudice is a sanction reserved for the most extreme conduct." Heather S., 2018 WL

4781169, at *2 (citing Vázquez-Rijos v. Anhang, 654 F.3d 122, 127–28 (1st Cir. 2011)).  In consideration of the nature of the instant action, the allegations in the complaint, and the lengthy record, the undersigned recommends that the court dismiss the complaint without prejudice to preserve the possibility of its disposition on the merits at a later time.

## CONCLUSION

Accordingly, the undersigned directs the Clerk to reassign this matter to a district judge and recommends that the instant action be dismissed without prejudice, sua sponte, for Plaintiff's failure to prosecute his claims. [1]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation.  The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2).  The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).